IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| 1ST HOSPITALITY, LLC, | ) | Case No. 22-41002-TLS |
| | ) | |
| Debtor. | ) | |
| | ) | |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE FOR CAUSE UNDER 11 U.S.C. § 1112(b)

Daniel J. Casamatta, Acting United States Trustee (the "United States Trustee"), for the District of Nebraska, hereby moves the Court, pursuant to 11 U.S.C. § 1112(b) enter an order dismissing the case. In support of this Motion, the United States Trustee respectfully states as follows:

### FACTS

1. On November 22, 2022 (the "Petition Date"), the Debtor filed its voluntary chapter 11 petition.

2. The Debtor representative attended an initial debtor interview held on December 15, 2022 with members of the Office of the United States Trustee. At that time, the responsibilities including requirements for certain documentation to be sent to the Office of the United States Trustee was discussed.

3. The initial setting of the Section 341(a) first meeting of creditors (the "Meeting of Creditors") was scheduled for December 21, 2022. Due to the Debtor's delay in filing its schedules and statements, the Meeting of Creditors was continued until December 28, 2022.

4. At the Meeting of Creditors on December 28, 2022, the Debtor's representative testified under oath. The Debtor's representative confirmed that he had been in attendance at the initial debtor interview and agreed to send missing financial information and file the delinquent monthly operating report ("MOR") by December 30, 2022.

1

5. No MORs have been filed in this case.

6. No debtor-in-possession accounts have been opened.

7. The United States Trustee requested certain bank statements, financial statements, and information regarding insurance for commercial liability and workers' compensation. To date, the Debtor has not provided this information.

## JURISDICTION AND VENUE

8. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157.

9. Venue of this case is proper in this Court under 28 U.S.C. § 1408.

## ARGUMENT

10. The Bankruptcy Code mandates dismissal or conversion of a case when cause exists. 11 U.S.C. § 1112(b)(1). The examples listed under 11 U.S.C. § 1112(b) are not exhaustive, and the Court retains broad discretion to consider other factors, including lack of good faith in filing, when determining whether to dismiss or convert a chapter 11 case. *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 537 (B.A.P. 8th Cir. 2001). The United States Trustee asserts the following statutory bases as cause for dismissal of the Debtor's cases: failure to file timely all required MORs, failure to provide proof of insurance, failure to demonstrate that a debtor-in-possession account is opened, and failure to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F), (C), and (H).

**A. Cause Exists to Dismiss the Debtor's Case Due to a Failure to File Timely All MORs**

11. Cause to dismiss the Debtor's case when there is an "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a cause under this chapter." 11 U.S.C. § 1112(b)(4)(F).

12. One of the reporting requirements under the Bankruptcy Code requires Chapter 11

2

debtors to provide MORs during the pendency of the case. *See* 11 U.S.C. §§ 1107(a), 1106(a)(1), and 704(a)(8); FED. R. BANKR. P. 2015(a)(3). As of the filing of this motion, the operating report for November 2022 is delinquent. The MOR for December 2022 will be due on January 20, 2023.

13. Pursuant to 11 U.S.C. § 1107(a), a debtor in possession in a Chapter 11 case assumes the rights and duties of a trustee and, accordingly, is treated as a fiduciary for the estate.

14. The Debtor's failure to file complete MORs, including the supporting documentation, in accordance with the United States Trustee's guidelines makes it impossible to determine if the Debtor is appropriately accounting for income and expenses during the bankruptcy case.

15. MORs contain a source of vital financial information which creditors and other parties in interest may access in order to make an informed decision on the Debtors' efforts to reorganize. These MORs are the "life-blood of the Chapter 11 process" and are more than "mere busy work." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Without the MORs, the United States Trustee lacks an appropriate means of monitoring the Debtor's monthly activity. *See id.* "A failure to file monthly operating reports, whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceeding." *All Denominational New Church*, 268 B.R. at 538.

16. Accordingly, the United States Trustee requests the Court dismiss the case for failure to file the required MORs.

    **B.**    **Cause Exists to Dismiss the Debtor's Case Due to the Continuing Failure to Provide Proof of Insurance**

17. Separately, causes exists to dismiss a chapter 11 case when the Debtor fails "to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C).

18. The United States Trustee has made multiple requests seeking proof of insurance from the Debtor, and to date, has not received sufficient information. The failure to provide proof of

current, unexpired insurance constitutes cause for dismissal of the case. 11 U.S.C. § 1112(b)(4)(C).

19. According, the United States Trustee requests the Court dismiss the case for failure to timely provide information as required under applicable federal law.

### C. Cause Exists to Dismiss the Debtor's Case Due to the Continuing Failure to Show Compliance with the Obligation to Open and Use a Debtor-in-Possession Bank Account

20. Separately, cause exists to dismiss a chapter 11 case includes the debtor's "failure timely to provide information." 11 U.S.C. § 1112(b)(4)(H).

21. Section 345(a) requires the Debtor to act to protect estate funds from loss, and these acts include opening debtor-in-possession bank accounts. The failure to do so constitutes cause for dismissal of the cases. 11 U.S.C. § 1112(b)(4)(H).

22. Despite multiple requests, the Debtor continues to fail to provide proof to the United States Trustee that a debtor-in-possession bank account has been established.

23. According, the United States Trustee requests the Court dismiss the case for failure to timely provide information as required under applicable federal law.

### D. Cause Exists to Dismiss the Debtor's Case Due to the Continuing Failure to Provide Requested Financial Documentation

24. Separately, cause exists to dismiss a chapter 11 case when the debtor fails to "timely provide information. . . reasonably requested by the United States Trustee." 11 U.S.C. § 1112(b)(4)(H).

25. The United States Trustee has requested financial documentation that is standard practice in all chapter 11 cases. The lack of this information prevents the United States Trustee from fulfilling its statutorily mandated obligations.

26. According, the United States Trustee requests the Court dismiss the case for failure to timely provide information as required under applicable federal law.

WHEREFORE, the United States Trustee respectfully requests the Court enter an order dismissing the case.

DATED this 11th day of January, 2023.

        Respectfully Submitted,

        DANIEL J. CASAMATTA
        ACTING UNITED STATES TRUSTEE

        JERRY L. JENSEN
        ASSISTANT U.S. TRUSTEE

        /s/ Sarah E. Tomlinson
        SARAH E. TOMLINSON
        WY Bar #7-6095; MO Bar #72441
        Trial Attorney
        Office of the United States Trustee
        Thomas F. Eagleton Courthouse
        111 South 10th Street
        Suite 6.353 St. Louis, MO 63102
        Telephone: (202) 590-7982
        Sarah.E.Tomlinson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the above and foregoing United States Trustee's Motion to Dismiss Case for Cause under 11 U.S.C. § 1112(b) with the Clerk of Bankruptcy Court on January 11, 2023 using the CM/ECF system, including:

- *Katie S. Thurber*, ndol.legal@nebraska.gov
- *Michael J. Whaley*, MWhaley@clinewilliams.com
- *Brandon R. Tomjack*, btomjack@bairdholm.com
- *Amy Blackburn*, amy.blackburn@usdoj.gov
- *Victor E. Covalt, III*, vcovalt@covaltlawfirm.com
- *Jerry Jensen*, ustpregion13.om.ecf@usdoj.gov
- *Patrick Turner*, pturner@turnerlegalomaha.com

/s/ Sarah E. Tomlinson
Sarah E. Tomlinson

5